IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN B. JACUZZI, SR., et al., | § | |
| | § | |
| *Plaintiffs*, | § | |
| v. | § | CIVIL ACTION NO. 1:11-cv-153 |
| | § | |
| ENRIQUE PIMIENTA, | § | |
| | § | |
| *Defendant*. | § | |

**PLAINTIFFS' RESPONSE TO ENRIQUE PIMIENTA'S MOTION FOR JUDGMENT ON THE PLEADINGS**

COME NOW John B. Jacuzzi, Sr., Margarita Jacuzzi, John B. Jacuzzi, Jr., James Jacuzzi and Patricia Jan Jacuzzi Andresen (collectively referred to as "Plaintiffs" or the "Jacuzzis"), the Plaintiffs herein, and file this their Response to Enrique Pimienta's ("Pimienta") Motion for Judgment on the Pleadings (the "Motion") and, respectfully, show the Court as follows:

## I.  SUMMARY OF THE ARGUMENT

1. The Court should deny Pimienta's Motion because the counterclaim on which relief is sought is not ripe for adjudication. Specifically, Pimienta fails to allege or present evidence of any present justiciable controversy between the parties on the issue of whether or not the property in question qualifies for the "homestead exemption." To render a judgment based on Pimienta's hypothetical allegations would constitute an impermissible advisory opinion.

## II.  ARGUMENTS AND AUTHORITIES

2. The Court must deny Pimienta's Motion because to render a judgment based on Pimienta's hypothetical allegations would constitute an impermissible advisory opinion. The claim on which Pimienta seeks relief is not ripe for adjudication as it does not present an actual

present controversy but was filed in anticipation of what the Plaintiffs might do in the future. Therefore, the Court must deny the Motion.

A.  **PIMIENTA'S DECLARATORY JUDGMENT CLAIM IS NOT RIPE AND SEEKS AN ADVISORY OPINION.**

3.  Pimienta's counterclaim is not ripe for adjudication as there is no present justiciable controversy asserted.  "[T]he requirement of a justiciable case or controversy within the meaning of Article III of the United States Constitution as necessary to support the exercise of the judicial power is no less exacting in a declaratory judgment proceeding that in any other form of purported litigation."[1]  A claim for declaratory relief "*must not seek an 'advisory decree upon a hypothetical state of facts*.'"[2]  Such an 'advisory decree' is forbidden and disruptive.[3]

4.  The owners of the property in question have not asserted that it is a homestead. Pimienta's counterclaim seeks an impermissible advisory opinion based on hypothetical facts. Pimienta states:

> [i]n *anticipation* of any other claims or defenses that *may be* made by Plaintiffs to interfere with Defendant's ability to enforce the Final Judgment, Defendant has filed this Counterclaim requesting that the Court decide whether the Plaintiffs are entitled to assert homestead protections afforded by the State of Texas is order to prevent the execution.

(Defendant's Answer and Counterclaim, p. 5, ¶35) (emphasis added).

---

[1]  *Dawson v. Vance*, 329 F. Supp. 1320, 1327 (S.D. Tex. 1971) *citing Alabama State Fed. Of Labor, etc. v. McAdory*, 325 U.S. 450, 461 (1945) *see also Easley v. Fed. Nat'l Mtg. Assoc.*, 2011 U.S. Dist. LEXIS 137371, *16 (S.D. Tex. November 30, 2011) ("[t]he Declaratory Judgment Act . . . requires the existence of a justiciable controversy").

[2]  *Capital One, N.A. v. Swisher-35, Ltd.*, 2008 U.S. Dist. LEXIS 71000, *6 (N.D. Tex. September 17, 2008) (emphasis added) *quoting Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 325 (1936).

[3]  *Dawson*, 329 F. Supp. at 1327 ("Absent the requisite 'case' or 'controversy,' a judicial pronouncement is calculated to involve the forbidden and disruptive advisory opinion").

5.   Noticeably absent from Pimienta's claim is any assertion that the Plaintiffs have, in fact, asserted a homestead exemption—because they have not.  Thus, no present justiciable controversy on this issue exists and the claim is not ripe for adjudication.  What Pimienta seeks from the Court is a declaration based on a defense that "may" hypothetically be asserted in the future.  Such a declaration, absent a present controversy on the issue, constitutes an impermissible advisory opinion.[4]  Indeed, absent evidence of a present controversy the Court should dismiss Pimienta's claim, not grant him a judgment.[5]  Therefore, the Court must deny Pimienta's Motion.

### III.  CONCLUSION

**WHEREFORE**, the Jacuzzis respectfully request that the Court deny Pimienta's Motion and award the Jacuzzis such other and further relief to which they may show themselves entitled.

Respectfully submitted,

By:   /s/ Richard A. Illmer
Richard A. Illmer
State Bar No. 10388350
Chad A. Johnson
State Bar No. 24026259

2001 Ross Avenue, Suite 2000
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 (*facsimile*)
ATTORNEYS FOR THE PLAINTIFFS

---

[4]   *Dawson*, 329 F. Supp. at 1327; *Capital One*, 2008 U.S. Dist. LEXIS at *6.

[5]   *Easley*, 2011 U.S. Dist. LEXIS at *17.

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true copy of the foregoing was delivered to all parties via ECF who have authorized such service and on Ron Armstrong II, 110 Broadway, Suite 550, San Antonio, Texas 78205.

/s/ Richard A. Illmer<br>
Richard A. Illmer